## KENT COUNTY.

JOHN McDERMOTT *et al. vs.* ENOS LAPHAM *et als.*

The appointment by a town council of supervisors of elections under Pub. Laws R. I. cap. 920, § 16, of May 1, 1891, is a peremptory duty and whether or not the names of the candidates have been presented by a proper political committee is not a jurisdictional matter which can be reviewed on *certiorari*.

PETITION for a writ of *certiorari*.

Public Laws R. I. cap. 920, § 16, of May 1, 1891, provides:

"SEC. 16. At least ten days before any election as aforesaid the town council of any town shall appoint four supervisors

of elections for each voting place in its respective town, who shall be of opposite political parties, to wit : two republicans and two democrats, to be selected from a list of not less than four electors presented to said town councils by the town committees of said opposite political parties, the republican supervisors to be selected from the republican list, and the democratic supervisors from the democratic list.   Every person appointed a supervisor of election shall, within forty-eight hours thereafter be notified in writing by the town clerk of such appointment ; and the person so appointed shall, in writing and within forty-eight hours after receiving such notice, notify the town clerk from whom such notice was received, of his acceptance or declination of the appointment. In case no notice shall be received by the town clerk from a person appointed as aforesaid within the time specified, it shall be deemed that the person so appointed has declined to serve.   It shall be the duty of said supervisors of election to be present at the opening and at the closing of the polls at said election in the town or voting district for which they shall be respectively appointed, and during the time the same shall be kept open, and they shall personally supervise the opening of the ballot boxes, and the sorting, counting, certifying, sealing up and returning of the ballots cast in said town or voting district ; and they shall make returns, by joint or separate report, to the town council, setting forth that they have performed the several duties herein required of them, and may make a statement of such other facts relating to the premises as they may deem proper to bring to the attention of said town council.   Each of said supervisors of election shall be sworn to the faithful discharge of said duties, and shall receive such compensation for his services as may be from time to time fixed by the town council.   Any vacancy existing among said supervisors of election shall be filled by the president of the town council from the list before mentioned.   But nothing in this section contained shall be so construed as to relieve the town clerk or moderator and district clerk from any of the duties or liabilities by law required or imposed upon them as such officers."

The petition alleged that the democratic committee of the town of Warwick more than ten days before June 5, 1893, the day on which town officers were to be elected, presented to the town council of Warwick a list of sixteen electors, being four from each voting district in the town, as candidates for election supervisors ; that May 25 the town council appointed eight supervisors whose names were neither on the list presented by the democratic committee nor on that presented by the republican.    The petition asked that the record of the appointment might be certified into this court, and citation on the petition was issued to Lapham, president of the town council, and to his fellow councilmen.

*Providence, June* 3, 1893.    PER CURIAM.    We are of the opinion that the question whether or not a list of names from which supervisors are to be selected is presented by a proper town committee, is not a jurisdictional fact, and therefore not reviewable on a petition for a writ of *certiorari.*    The statute, Pub. Laws R. I. cap. 920, § 16, of May 1, 1891, makes it the peremptory duty of the town council to appoint supervisors who shall be of the opposite political parties ; the provision that they are to be selected from a list presented by the town committees of the opposite political parties appears to be incidental to the appointment as affording a convenient mode of furnishing names to the council from which to make a selection.    It would apparently be their duty to make the appointment whether the lists were presented to them or not.

*Petition denied and dismissed.*

*Willard B. Tanner & Edward L. Gannon,* for petitioners.
*Albert R. Greene,* for respondents.

---

## PROVIDENCE COUNTY.